Kenneth Marcus ALLEN *v.* STATE of Arkansas

CR 74-33                                      510 S.W. 2d 541

Opinion delivered June 24, 1974

*Robert J. Morehead,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert S. Moore Jr.,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted and sentenced to twenty-two years imprisonment in connection with the armed robbery of a branch bank in Sherrill, Arkansas. The four points for reversal are that the confession was not voluntary; that the court illegally proscribed the questioning by appellant's attorney of the circumstances sur-

rounding the taking of the confession; that the identification testimony was unreliable and should have been stricken; and that the verdict was contrary to the evidence.

*The Confession.* Within a few weeks after the robbery appellant was taken into custody in California by a federal agent under a warrant charging unlawful flight. Special Agent Hoffer questioned appellant on the way to the courthouse for an identity hearing. In the *Denno* hearing appellant testified that Hoffer threatened to have appellant's mother arrested for harboring a fugitive if appellant did not make a statement. Opposed to that allegation was the testimony of Hoffer, who testified that appellant's admissions were freely and voluntarily given; that no threats were made; and no promise of reward was given. Appellant also testified on cross-examination that he voluntarily signed the waiver of rights form. Considering all those surrounding facts, together with the considerable weight given by us to the trial court's resolution of evidentiary conflicts, we conclude that the admission of guilt was voluntary.

*The Conduct of the Denno Hearing.* First, appellant contends his counsel was not permitted to probe into the circumstances surrounding the taking of the confession. When it appeared to the court that appellant's counsel was asking questions not pertinent to the voluntariness of the confession, the court admonished him that the sole question in the *Denno* hearing was the voluntariness of the confession. Counsel agreed with the court, changed his line of questioning, and made no objection to the court's ruling.

Appellant further contends under this point that Gene Hoffer should not have been allowed to testify in the absence of producing the notes which Hoffer made while appellant was making his statement. Agent Hoffer said he destroyed the notes after making up and filing his formal report. Appellant advances no argument to support this sub-point; further, we are not cited any authority, and we know of none, which would make Hoffer's testimony inadmissible in the absence of the notes he took.

*The Identification Testimony.* The two employees who were

present in the bank at the time of the robbery positively identified appellant at the trial. Appellant's point is based on alleged discrepancies in the testimony of the two witnesses as to their identification of appellant in a lineup when he was returned to Arkansas. The photographs made at the lineup showed appellant wearing a beard but it was agreed by the witnesses that appellant had no beard at the time of the robbery. One of the witnesses testified that in the pictures shown her, appellant was wearing a beard. The other witness did not think any of the persons in the lineup was wearing a beard. The discrepancy in the testimony, which is nothing more than minor, went only to the credibility of the witnesses and did not constitute prejudicial error. As previously mentioned, appellant was positively identified at the trial by both witnesses.

*The weight of the evidence.* It is contended that in the absence of unreliable evidence on identification and the coerced confession there is no evidence to connect defendant with the crime. It is apparent from what we have said about the propriety of the identification evidence and the admissibility of the confession that the point has no merit.

Affirmed.